FILED
7-9-08
JUL - 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AUSA Samuel B. Cole (312) 353-4258

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

## AFFIDAVIT OF COMPLAINT IN REMOVAL PROCEEDINGS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | Hon. Jeffrey Cole |
| ERIC HIGGINS ) | No. |
| aka PLUKE ) | 08CR 537 |

The undersigned Affiant personally appeared before JEFFREY COLE, a United States Magistrate Judge, and being duly sworn on oath, states: That at EASTERN DISTRICT OF TENNESSEE, one ERIC HIGGINS was charged in a criminal complaint with one violation of Sections 846, 841(a)(1) and 841(b)(1)(A) of the United States Code, Title 21, for the offense of conspiring to distribute and to possess with intent to distribute 50 grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance; two violations of Section 841(a)(1) of the United States Code, Title 21 for the offense of distributing cocaine hydrochloride, cocaine, and/or cocaine base; and two violations of Section 924(c) of the United States Code, Title 18 for the offense of possessing firearms in furtherance of a drug trafficking crime, and that on the basis of Affiant's investigation and information received concerning the case through official channels, does hereby certify that a Warrant for Arrest is outstanding for the

arrest of said defendant, which is attached hereto.

    Wherefore, Affiant prays that the defendant be dealt with according to law.

*[signature]*
Angelo Schragel
Deputy United States Marshal
United States Marshals Service

Subscribed and Sworn to before me this
___9th___ day of ___July, 2008___.

*[signature]*
JEFFREY COLE
United States Magistrate Judge

AO 442 (Rev. 10/03) Warrant for Arrest

# UNITED STATES DISTRICT COURT

Eastern District of Tennessee ~~District~~

UNITED STATES OF AMERICA

V.

ERIC HIGGINS, a/k/a PLUKE

**WARRANT FOR ARREST**

Case Number: 3:06-MJ-2056

To: The United States Marshal
and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED** to arrest ERIC HIGGINS, a/k/a PLUKE
                                                                    Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ■ Complaint  ☐ Order of court  ☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice

charging him or her with (brief description of offense)

From in or about late March, 2006, up to and including May 3, 2006, conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)); distribution of cocaine hydrochloride (21 U.S.C. § 841(a)(1)) and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)) on or about April 14, 2006; and possession with intent to distribute cocaine and cocaine base (21 U.S.C. § 841(a)(1)) and possession of firearms in furtherance of drug trafficking crime (18 U.S.C. § 924(c)) on or about May 3, 2006.

H. Bruce Guyton
Name of Issuing Officer

U.S.M.J.
Title of Issuing Officer

H. Bruce Guyton
Signature of Issuing Officer

5/8/06 Knoxville TN
Date and Location

---

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

AO 442 (Rev. 12/85) Warrant for Arrest

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA

V.

ERIC HIGGINS, a/k/a Pluke

CRIMINAL COMPLAINT

CASE NUMBER: 3:06-MJ-2056

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From in or about late March, 2006, up to and including May 3, 2006, in the Eastern District of Tennessee and elsewhere, the defendant, Eric Higgins, a/k/a Pluke, did, conspire, confederate and agree with others both known and unknown to distribute and to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); on or about April 14, 2006, the defendant, Eric Higgins, did distribute a quantity of cocaine hydrochloride and possess a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c); and on or about May 3, 2006, did possess a quantity of cocaine and cocaine base with intent to distribute and did possess firearms in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). I further state that I am a Task Force Officer with the Drug Enforcement Administration and that this complaint is based on the following facts:

(SEE ATTACHED AFFIDAVIT)

_____
Kelly Camp

Sworn to before me and subscribed in my presence,

5/8/06
Date

at Knoxville, Tennessee
City and State

H. Bruce Guyton
United States Magistrate Judge

_____
Signature of Judicial Officer

STATE OF TENNESSEE )
                   )
COUNTY OF KNOX     )

### AFFIDAVIT

I, Kelly Camp, being duly sworn, say and depose as follows:

1. I am a Task Force Officer with the Drug Enforcement Administration (DEA), am assigned to the Knoxville, Tennessee Resident Office, and have been so employed for the past eighteen years. My duties include the enforcement of the laws of the United States with regard to illegal trafficking in narcotics and firearms offenses as they relate to the illegal trafficking in narcotics.

2. For the past several months, I have, along with other special agents and task force officers of DEA, conducted an investigation of a conspiracy to distribute and possess with intent to distribute cocaine hydrochloride and cocaine base (crack) by Eric Higgins, also known as "Pluke," Mark Higgins, Joe Louis Bell, also known as "Joe Jones" and others, both known and unknown. This Affidavit is submitted in support of criminal complaints charging these three named individuals with federal drug trafficking and firearms offenses.

3. The investigative techniques used in this investigation to date include, but are not limited to, debriefing cooperating defendants, controlled purchases of drugs from one or more of the targets, physical surveillance, analysis of telephone records, consensually recorded telephone calls and other forms of electronic surveillance. I submit that, based upon the following information, I have probable cause to believe that the above-named subjects have committed the following offenses against the Untied States. With regard to Eric Higgins, I request that he be charged with, and that an arrest warrant issue for, conspiracy to distribute 50 grams or more of a

mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); distribution of cocaine on or about April 14, 2006, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime on or about April 14, 2006, in violation of 18 U.S.C. § 924(c), possession with intent to distribute cocaine and cocaine base on or about May 3, 2006, in violation of 21 U.S.C. § 841(a)(1) and possession of firearms in furtherance of a drug trafficking crime on or about May 3, 2006, in violation of 18 U.S.C. § 924(c). With regard to Mark Higgins, I request that he be charged with, and that an arrest warrant issue for, conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). With regard to Joe Louis Bell, I request that he be charged with, and that an arrest warrant issue for, conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). The Court is informed that Mark Higgins is currently on federal supervised release after serving a 121 month federal prison term arising out of a conviction in Chicago in the mid-1990s.

    4.  Prior to March of 2006, several individuals, some of whom have been charged with felony drug offenses, provided information to me and other law enforcement agents involved in this investigation that the aforesaid named defendants and others were involved in a conspiracy to sell cocaine and cocaine base in and around the area of Knoxville, Tennessee. The information provided by these individuals indicated that Eric and Mark Higgins are brothers, and that one of their primary coconspirators was Joe Bell. Mark Higgins lives in Chicago, and would on occasion, supply cocaine hydrochloride which he purchased in Chicago to his brother, Eric Higgins, who lives in Knoxville. Eric Higgins and Joe Bell would then distribute these quantities of cocaine in the

Knoxville area either in the form of powder cocaine or cocaine base.

5. In the latter part of March, 2006, a confidential source of information (SOI) was established in an attempt to establish the validity of the information provided by the aforesaid cooperating individuals concerning the drug trafficking activities of Eric Higgins, Mark Higgins and Joe Bell. The reliability of this SOI has been clearly confirmed, and this SOI, along with physical surveillance and other investigative techniques, have shown the following. In late March and early April, 2006, Eric Higgins lived in an apartment complex located near Cedar Bluff Road in Knoxville, Tennessee. During that time period he was selling quantities of cocaine powder and cocaine base from that apartment. On one particular occasion, which occurred on April 1, 2006, Eric Higgins sold what was represented to be four (4) ounces of cocaine base to another individual in Higgins' apartment. Thereafter, law enforcement agents seized that cocaine base from the person to whom it had been sold by Higgins. It had a gross weight of approximately 96 grams. Thereafter, Higgins moved out of the aforesaid apartment and moved into a rental house located at 1217 Bob Kirby Road in Knoxville. Joe Bell and another individual known as "Little Cuz" stayed there on occasion with Higgins.

6. On or about April 2, 2006, Mark Higgins left Knoxville bound for Chicago, Illinois, which is, as previously stated, his place of residence. He was traveling to Chicago in order to purchase at least two (2) kilograms of cocaine hydrochloride from his source of supply in Chicago. One of the kilograms was to be delivered by Mark Higgins at a later time to Eric Higgins and Joe Bell, and Mark Higgins indicated he would bring one kilogram to sell in the Knoxville area. Mark Higgins told Eric Higgins that he could purchase these kilograms for $19,000 each, and that that was much cheaper than the kilogram prices in the Knoxville area. On the following day, April 3, 2006, Mark Higgins told Eric Higgins that he had made contact with his source of supply about getting the

mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); distribution of cocaine on or about April 14, 2006, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime on or about April 14, 2006, in violation of 18 U.S.C. § 924(c), possession with intent to distribute cocaine and cocaine base on or about May 3, 2006, in violation of 21 U.S.C. § 841(a)(1) and possession of firearms in furtherance of a drug trafficking crime on or about May 3, 2006, in violation of 18 U.S.C. § 924(c). With regard to Mark Higgins, I request that he be charged with, and that an arrest warrant issue for, conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). With regard to Joe Louis Bell, I request that he be charged with, and that an arrest warrant issue for, conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). The Court is informed that Mark Higgins is currently on federal supervised release after serving a 121 month federal prison term arising out of a conviction in Chicago in the mid-1990s.

4. Prior to March of 2006, several individuals, some of whom have been charged with felony drug offenses, provided information to me and other law enforcement agents involved in this investigation that the aforesaid named defendants and others were involved in a conspiracy to sell cocaine and cocaine base in and around the area of Knoxville, Tennessee. The information provided by these individuals indicated that Eric and Mark Higgins are brothers, and that one of their primary coconspirators was Joe Bell. Mark Higgins lives in Chicago, and would on occasion, supply cocaine hydrochloride which he purchased in Chicago to his brother, Eric Higgins, who lives in Knoxville. Eric Higgins and Joe Bell would then distribute these quantities of cocaine in the

kilograms of cocaine and that he would be returning to Knoxville in a few days. Thereafter, I and other agents involved in the investigation learned that Mark Higgins' source of supply was reluctant to provide the kilograms to Mark Higgins because the source of supply was concerned that the fact Mark Higgins did not have a valid license could lead to his being arrested during the trip to Knoxville.

7. While awaiting the shipment from Mark Higgins from Chicago, Eric Higgins and Joe Bell purchased quantities of cocaine from local sources of supply in smaller amounts than kilograms. When they would purchase, for instance, a quarter kilogram, they would sell some of it in the form of powder to customers whereas much of it was sold as cocaine base or crack. On April 15, 2006, I and other agents set up surveillance near a convenience store on Middlebrook Pike in Knoxville and saw Eric Higgins meet with an individual I have now identified by name. Prior to this meeting, Eric Higgins and Joe Bell had pooled their money to buy cocaine from this individual. The purchase price of the cocaine was $6,250, which is consistent with the purchase of a quarter kilogram of cocaine. Thereafter, on a very regular basis, Eric Higgins and Joe Bell sold both powder cocaine and crack from their residence on Bob Kirby Road, and often instructed Little Cuz to sell both substances from that residence and other locations.

8. Eric Higgins and Joe Bell moved in to the residence on Bob Kirby Road around the weekend of April 8 and 9, 2006. On April 14, 2006, it was learned that Eric Higgins agreed to sell cocaine to an individual known only as "Rick," but that Eric Higgins was not at the house. As previously stated, an individual known as Little Cuz was staying there. Eric Higgins told Little Cuz to sell the cocaine to Rick, who was at the house, and told Little Cuz where to find it. Eric Higgins said the cocaine was in a drawer where a gun was located.

9. On or about May 3, 2006, Eric Higgins purchased another quantity of cocaine

from an individual. This purchase was surveilled by law enforcement agents, and thereafter, Eric Higgins was stopped by law enforcement agents and found to be in possession of approximately four and one-half (4 1/2) ounces of cocaine hydrochloride. Later that day, Higgins signed a consent to search his residence at 1217 Bob Kirby Road. A quantity of cocaine and cocaine base and three firearms were found in his bedroom.

FURTHER AFFIANT SAITH NOT.

_____
Kelly Camp

Sworn to before me this 5/8/06.
Lt Bruce Hinton
USMJ